IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03325-MSK-MJW

SEB ASSET MANAGEMENT S.A. and SEB INVESTMENT MANAGEMENT AB,
Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

THE WESTERN UNION COMPANY,
HIKMET ERSEK, and SCOTT T. SCHEIRMAN,

Defendants.

---

PROTECTIVE ORDER ( Docket No 106-2 )

---

IT IS HEREBY ORDERED by the Court that:

1. This Protective Order (the "Order") shall govern the production and exchange of all information produced, given or exchanged by and among all Parties[1], or received from non-parties pursuant to Paragraph 15 herein, in this action (the "Action"), including all deposition testimony, testimony given at hearings or other proceedings, interrogatory answers, documents and all other discovery materials, whether produced informally or in response to requests for discovery (collectively, "Litigation Material").

2. Litigation Material may be designated "CONFIDENTIAL" by any Party's or non-party's counsel (the "Designating Party") if, after a review of the information, the Designating Party in good faith believes the Litigation Material is entitled to protection pursuant to common

---

[1] "Party" means Lead Plaintiffs, SEB Asset Management S.A. and SEB Investment Management AB, or Defendants, The Western Union Company, Hikmet Ersek, and Scott Scheirman (collectively, "Parties").

law or statutory privacy or confidentiality interests, within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or applicable state or foreign law. "CONFIDENTIAL" designations shall be limited to specific Litigation Material that qualifies under the appropriate standards.

3. The Parties shall use the Litigation Material and the information therein solely for the purpose of preparing for and conducting the Action (including any appellate proceedings in the Action). The party receiving Litigation Material ("Receiving Party") shall not, without consent of the party producing it ("Producing Party") and the consent of the Designating Party (if that party is different from the Producing Party) or further Order of the Court, be used for any purpose other than this Action.

4. The Parties intend to withhold from production any Litigation Material subject to the attorney-client privilege and/or the work product protection, and any other applicable privilege or protection. In accordance with Federal Rule of Evidence 502(b), which is incorporated herein by reference, the inadvertent production of Litigation Material subject to a claim of attorney-client or work product privilege in connection with this action shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other information related to the same or related subject matter. A Producing Party that produces Litigation Material subject to a claim of attorney-client, work product, or other privilege may, upon discovery of such disclosure, give notice to the Receiving Party to promptly return or destroy the Litigation Material and all copies thereof. Such notice should identify the privileged Litigation Material and state the basis for the claim of privilege, as well as the information called for by paragraph 12(a)(1)-(7) of the ESI Protocol. Upon such notice, the Receiving Party may not use the Litigation Material for any purpose, but may sequester any work product derived from the subject Litigation Material pending resolution of any dispute as to the claim of privilege. Within 7 business days of receiving

notice of privilege from the Producing Party, the Receiving Party must provide the Producing Party with written confirmation that the subject Litigation Material and all copies thereof have been returned or destroyed, and that any work product derived from the subject Litigation Material has been sequestered or destroyed. The return or destruction of the Litigation Material by the Receiving Party(s), and the destruction of or sequestration of any work product, shall not constitute an admission or concession, or permit any inference, that the Litigation Material are properly subject to a claim of privilege.

5. If the Receiving Party does not agree with the privilege designation, the Receiving Party must notify the Producing Party in writing within 7 business days of receiving the Producing Party's written notice. The Receiving Party's notice shall set forth the reason for its belief that the Litigation Material are not privileged, and the Receiving Party and the Producing Party shall meet and confer in good faith regarding the dispute within 3 business days of the notification by the Receiving Party. If the dispute cannot be resolved between the Parties, the Receiving Party may move the Court to rule on the Litigation Material's status. Such motion must be brought within 10 business days of the Parties' final conference regarding the dispute. If a Receiving Party brings such motion, the Producing Party must produce a copy of the Litigation Material to the Court for *in camera* inspection. No waiver shall be deemed to have occurred pending the Court's ruling on the Receiving Party's motion. If the Court rules that the disputed Litigation Material is properly subject to a claim of privilege, the Receiving Party will destroy any sequestered work product within 3 business days of such ruling.

6. A Producing Party may designate Litigation Material CONFIDENTIAL by: stamping or otherwise marking Litigation Material with the legend "CONFIDENTIAL" in a

manner that will not interfere with their legibility and that does not cover any text or content of a document.

7. A Producing Party may designate deposition or other testimony, or a portion thereof, CONFIDENTIAL by:

    a. Stating orally on the record of the deposition that certain information or testimony is CONFIDENTIAL; or

    b. Sending written notice to counsel for all Parties to the Action within 14 days after receipt of the deposition transcript, designating all or a portion of the transcript as CONFIDENTIAL. Until expiration of this 14-day period, all deposition testimony and transcripts of the same shall be treated as CONFIDENTIAL.

8. Inadvertent failure to designate Litigation Material as CONFIDENTIAL shall not constitute a waiver of such claim and may be corrected by retroactive designation. The Producing Party may within 10 days of discovery of the inadvertent failure to designate, but no later than 14 days after the close of expert discovery, designate the material as CONFIDENTIAL by notice to counsel for all Parties to the Action, in writing, specifically identifying the Litigation Material or portions thereof to receive such designation. A Receiving Party who has disclosed Litigation Material which are subsequently designated CONFIDENTIAL shall in good faith assist the Producing Party in retrieving the material from all recipients not entitled to receive such Litigation Material under the terms of this Order, and shall in good faith prevent further disclosures except as authorized by this Order.

9. To the extent that any Producing Party discloses or produces Litigation Material in this Action that contain the confidential information of a non-party, such non-party may

designate the information CONFIDENTIAL by providing written notice to all Parties within 14 days after receiving notice that the disclosure has been made. The Receiving Party shall in good faith assist the non-party designating the information as CONFIDENTIAL in retrieving the material from all recipients not entitled to receive such Litigation Material under the terms of this Order, and shall in good faith prevent further disclosures except as authorized by this Order.

10. Litigation Material designated CONFIDENTIAL shall not be disclosed by the Receiving Party to persons other than:

    a. The Parties to this Action, including their current members, officers, directors, partners, representatives, attorneys, in-house counsel, or employees with whom counsel reasonably determines it is necessary to confer about CONFIDENTIAL information for the purposes of this Action;

    b. Counsel to the Parties, including co-counsel of record, in-house counsel to the Parties, partners, associates, legal assistants, and clerical or other support staff who are employed by counsel or are working under the express direction of counsel;

    c. Clerical and data processing personnel who are not regularly employed by the Parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, or review of Litigation Material, to the extent reasonably necessary to assist a Party or its counsel in this action;

d. This Court, any court exercising appellate jurisdiction with respect to the determinations of this Court, and any other court or person appointed by the Court to address an issue related directly to discovery in this Action;

e. Persons who either prepared or previously received the Litigation Material or had knowledge of the information contained therein, provided that such preparation, previous receipt, or knowledge is indicated on the Litigation Material or is otherwise established in discovery;

f. Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

g. Any mediator or arbitrator engaged by the Parties in connection with the action;

h. In preparation for their noticed depositions, witnesses in the Action and their counsel who first agree to be bound by this Order by executing Exhibit A – Acknowledgment and Agreement to Be Bound ("Acknowledgment Form");

i. A witness at a deposition and the witness's counsel, provided that before the witness is shown or advised of the contents of CONFIDENTIAL Litigation Material, the disclosing party shall advise the deponent or witness (as well as counsel, if any, representing the deponent or witness) that the information about to be disclosed is subject to this Order, and that any further disclosure of the Litigation Material by the deponent or witness (or by his or her counsel) shall constitute a violation of this Order;

      j.     Experts or consultants retained in connection with this Action (as well as their staff) who first agree to be bound by this Order by executing the Acknowledgment Form; and

      k.     Any other person upon Order of the Court or upon stipulation of the Producing Party.

11.     Any executed Acknowledgment Forms of persons agreeing to be bound by this protective order shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by any Party.

12.     If any Party objects to the designation of any particular Litigation Material as CONFIDENTIAL, the Party shall state the objection in writing to counsel for the Producing Party or the Designating Party (if that party is different from the Producing Party). If the Producing Party or the Designating Party (if that party is different from the Producing Party) refuses to withdraw the designation, or if resolution is not achieved within 7 days after receipt of such objection, then the objecting party may file a motion with this Court for an order removing the designation at issue. The Producing Party or the Designating Party (if that party is different from the Producing Party) shall bear the burden of supporting the designation. Until this Court rules on any such motion, the Litigation Material shall continue to be treated as CONFIDENTIAL.

13.     Any Litigation Material designated CONFIDENTIAL submitted to the Court, including those Litigation Material used as exhibits to or incorporated in briefs, memoranda, transcripts or testimony, or any other documents filed with the Court, shall be protected as follows:

    a.    Materials Filed. Any Litigation Material filed with or submitted to the Court which constitute, contain, or reveal CONFIDENTIAL information shall be filed with the Court under ~~seal~~ /Restricted Access in accordance with the provisions of D.C.COLO.LCivR 7.2 and the Court's Electronic Case Filing Procedures with the following stated conspicuously thereon: "Filed Under ~~Seal~~ Restricted Access/Contains Information Subject to Protective Order." All Litigation Material filed in this manner shall be maintained by the Clerk of Court under ~~seal~~ /Restricted Access and shall be released only upon further Order of the Court.

[margin: MJW 11-18-15]

    b.    Hearings and Trial. At any hearing before the Court, counsel shall in good faith attempt to avoid inadvertently disclosing any Litigation Material that have been designated CONFIDENTIAL. If counsel believe it is necessary to disclose said materials during a hearing, the counsel believing such disclosure is warranted shall first confer with counsel for the Producing Party or, if applicable, counsel for the Designating Party, and request the Court's guidance as to an appropriate method to preserve the confidentiality of the Litigation Material.

    c.    Appeal. In connection with any appeal in this Action, all Litigation Material designated CONFIDENTIAL shall be subject to the provisions of this Order, and shall be filed with the United States Court of Appeals and/or the United States Supreme Court under ~~seal~~ /Restricted Access/seal and in accordance with the applicable rules of those courts.

[margin: MJW 11-18-15]

8

14. Nothing in this Order shall preclude a Party from seeking, by written agreement of the signatories hereto or Court Order, further, greater, or lesser protection with respect to Litigation Material than is provided for in this Order, or other modification of the Order.

15. This Order may be applicable to Litigation Material provided by any non-party from whom discovery is sought in this Action. Such non-party may obtain the protections of the Order by giving written notice to the Parties that its provision of Litigation Material is subject to the Order. To the extent that any non-party produces Litigation Material in this Action that contain confidential information of a Party to this Action, that Party may designate the information CONFIDENTIAL by providing written notice to all Parties who received the Litigation Material within 20 days after the disclosure. Until the expiration of the 20-day period, all documents and information produced by a non-party shall be treated as CONFIDENTIAL.

16. Nothing in this Order shall be construed as a waiver of a Party's right to object to any discovery request on any grounds and to object to the admission on any grounds of any Litigation Material as evidence at any trial or hearing. Nothing contained herein shall constitute a waiver by any Party of the right to object to the designation of Litigation Material as CONFIDENTIAL.

17. Nothing in this Order shall be construed to limit in any way a Party's use of its own Litigation Material that have been designated as CONFIDENTIAL, including disclosure of such materials.

18. If, in connection with any judicial, administrative, or legislative proceedings, any Party (or its counsel) receives a subpoena or other compulsory process demanding documents, information or other material designated as CONFIDENTIAL pursuant to this Order, that Party or counsel shall give notice to the Producing Party or Designating Party (if that party is different

from the Producing Party) at least 14 days prior to the return date of the subpoena or other compulsory process, unless otherwise prohibited by law. If the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the Producing Party or Designating Party (if that party is different from the Producing Party) in writing or by telephone as soon as practicable unless otherwise prohibited by law. If application for a protective order is made before the time set forth in the subpoena or other compulsory process for compliance therewith, the subpoenaed party shall not produce the Litigation Material designated as CONFIDENTIAL absent consent of the Producing Party or Designating Party (if that party is different from the Producing Party), unless required to do so by applicable law or by court order. This Protective Order shall not be construed as requiring the non-designating party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the Litigation Material at issue.

19. Other than a Party's election to disclose its own Litigation Material consistent with paragraph 17 above, disclosure of Litigation Material designated as CONFIDENTIAL by any person or in any manner not permitted by this Order shall not result in a waiver of or otherwise limit the right of a Party or non-party to enforce the provisions of this Order.

20. The terms of this Order shall, absent written agreement of the Parties or Court Order, remain in full force and effect throughout and after the final resolution of the Action, including until all appeals involving the Action have been exhausted, the time to appeal in the Action has expired, or the Parties in the Action have reached a final, court-approved settlement of all pending claims between them ("Final Resolution"). Upon Final Resolution and no later than 60 days after a request from the Producing Party or the Designating Party (if that party is different from the Producing Party), counsel shall use commercially reasonable efforts to either

destroy or return all copies of Litigation Material designated as CONFIDENTIAL (including excerpts and summaries thereof) to counsel for the Producing Party or the Designating Party (if that party is different from the Producing Party). Notwithstanding the foregoing, counsel may retain copies of court filings, official transcripts, exhibits, correspondence, e-mails, and documents reflecting any work product, provided that any Litigation Material designated as CONFIDENTIAL information therein shall continue to be treated as such, as provided for in this Order.

MJW 11-18-15

21. ~~The Parties agree to be bound by the terms of the Order upon signing by counsel for each of the Parties.~~

SO ORDERED this 18th day of November, 2015.

_____
Michael J. Watanabe
United States Magistrate Judge
District of Colorado

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on _____ in the case of *SEB Asset Management S.A. v. The Western Union Company*, Case No. 13-cv-03325-MSK-MJW. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____